*293 OPINION.
MoRRis:
We are satisfied from the evidence that of the $7,500 expended in the year 1919, $3,600 constituted ordinary and necessary expenses which are deductible in computing the petitioner’s net income for that year. See Appeal of Illinois Merchants Trust Co., 4 B. T. A. 103. The building acquired by the petitioner in 1915 was constructed in 1869. Based on the uncontroverted evidence that its useful life from the date of acquisition was from 10 to 15 years, we are of the opinion the petitioner is entitled to a depreciation allowance at the rate of 6% per cent on the cost of $60,000, which was used by the Commissioner.
The Commissioner contends that the expenses incident to the suit which was brought against the petitioner in 1919 are capital -expenditures, as they represent the cost of quieting title to property. It appears, however, that the complainants did not contest the validity of the title of the defendants, but instituted suit for an accounting under an oral agreement that they were to share, as compensation for making the sale, in the proceeds of the subsequent sale thereof. It was a suit on a contract for compensation and not an attack on the title to the property. The business of the petitioner was, in addition to farming, developing country properties and buying and selling lands. The litigation in question clearly arose out of a transaction directly connected with his business. The expenses incident to such litigation, amounting to $2,552, are therefore deductible.
The items of $12.50 paid to an attorney for preparing certain papers connected with his business, and $50 for the preparation of his income-tax returns are also deductible as ordinary and necessary business expenses. In the Appeal of Charles Henry Mattlage, 3 B. T. A. 242, we held that an amount paid for the preparation of an individual Federal income-tax return was not deductible. It did not appear in that case, however, that the expenditure was in connection with the taxpayer’s trade or business.
Judgment will he entered on 15 days’ notice, under Rule 50.